UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 12-40082-02-KES |
| Plaintiff, | ) | |
| vs. | ) | ORDER DENYING DEFENDANT'S MOTION TO DISMISS HIS INDICTMENT |
| SEAN MICHAEL McFARLAND, | ) | |
| Defendant. | ) | |

Defendant, Sean Michael McFarland, moves to dismiss his indictment, which charges him with conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 846. The government resists the motion. For the following reasons, McFarland's motion is denied.

McFarland is charged with knowingly and intentionally conspiring to distribute "more than 100 kilograms of marijuana, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846." Docket 78.

McFarland argues that the indictment against him should be dismissed because the classification of marijuana as a Schedule I controlled substance "violates the due process clause and equal protection of the law pursuant to the Fifth Amendment." Docket 77-1 at 12. Nearly an identical argument was addressed in *United States v. Fogarty*, 692 F.2d 542 (8th Cir. 1982).[1] There, the

---

[1] In *Fogarty*, just as is the case here, the gist of the defendant's claim was that the weight of current medical knowledge purportedly shows that

Eighth Circuit Court of Appeals recognized that a highly deferential standard of review applies "[b]ecause there is no fundamental constitutional right to import, sell, or possess marijuana[.]" *Fogarty*, 692 F.2d at 543. Thus, the classification of marijuana as a Schedule I controlled substance "must be upheld unless it bears no rational relationship to a legitimate government purpose." *Id.*

There is a widely held "view among federal courts that the Schedule I classification of marijuana is rational and, therefore, not violative of equal protection or due process." *Id.* at 548 n.4. The Eighth Circuit Court of Appeals has identified three reasons why this is so. First, the "ongoing vigorous dispute as to the physical and psychological effects of marijuana, its potential for abuse, and whether it has any medical value, supports the rationality of the continued Schedule I classification." *Id.* at 548. Second, the statutory criteria for "Schedule I classification set out in § 812(b)(1)—high potential for abuse, no medically accepted use, and no safe use even under medical supervision—should not be read as being either cumulative or exclusive." *Id.* Thus, even if marijuana does not fit perfectly within the statutory criteria, the Schedule I classification may still be rational "in view of countervailing factors such as the current pattern, scope, and significance of marijuana abuse and the risk it poses to public health." *Id.* Third, "Congress has provided a comprehensive reclassification

---

marijuana does not satisfy the three statutory criteria necessary for inclusion in Schedule I. *Fogarty*, 692 F.2d at 547.

scheme. . . . In establishing this scheme, Congress provided an efficient and flexible means of assuring the continued rationality of the classification of controlled substances, such as marijuana." *Id.* Because McFarland has not raised any original or unique arguments that are distinguishable from the reasoning applied in *Fogarty*, this court is bound by such holding.[2]

McFarland also argues that "federal prohibition on cannabis cultivation is unconstitutional because it does not promote general welfare, interferes with liberty rights, and is contrary to justice and irrational."[3] Docket 77-1 at 77. The reasoning applied above can be equally applied here. Further, the Eighth Circuit Court of Appeals addressed this issue directly in *Monson v. DEA*. 589 F.3d 952 (8th Cir. 2009). There, the court recited the Supreme Court's determination in *Gonzales v. Raich*, 545 U.S. 1 (2005) that "Congress has authority under the Commerce Clause to regulate marijuana that is grown and consumed intrastate[.]" *Id.* at 963. "Congress's decision to regulate the manufacture of all marijuana plants . . . was a rational means of achieving one of Congress's primary objectives: 'to control the supply and demand of controlled substances in both lawful and unlawful drug markets.' " *Id.* (quoting *Gonzales v. Reich*, 545

---

[2] The argument that *Fogarty* is outdated because it was decided in 1982 fails because an Eighth Circuit Court of Appeals case reaffirmed its holding in 2006. *United States v. White Plume*, 447 F.3d 1067, 1076 (8th Cir. 2006) (noting that classification of marijuana as a Schedule I controlled substance passes muster under the rational basis test).

[3] Evidence of marijuana cultivation may be introduced at trial.

U.S. 1, 19 (2005)). Again, this court is bound by the Eighth Circuit Court of Appeals precedent.

Congress's decision to classify marijuana as a Schedule I controlled substance does not violate the Fifth Amendment. Likewise, Congress's decision to prohibit the cultivation of cannabis is not unconstitutional. Accordingly, it is

ORDERED that defendant's motion to dismiss the indictment (Docket 77) is denied.

Dated November 19, 2012.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE